UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMIE L. MOODY,

    Plaintiff,

v.                                                      Case No. 5:21-cv-35-TKW-MJF

DR. ARP, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review of the complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose his litigation history completely and honestly.[1]

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Jamie L. Moody (DC# 774387) is a Florida prisoner confined at Suwannee Correctional Institution. (Doc. 1). Moody initiated this lawsuit on

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

February 2, 2021, by filing a civil rights complaint against three prison medical officials at Apalachee Correctional Institution: Dr. Arp, Nurse Boutwell and Nurse Faircloth. (*Id*. at 1-3).[2] Moody claims that on September 29, 2020, the Defendants violated his rights under the Eighth Amendment when they refused to reset his fractured right ring finger. (*Id*. at 5). Moody alleges that as a result of the denial of treatment, his finger "healed into a disfigured position" and he no longer is able to completely close his hand into a fist. (*Id*.). As relief for Defendants' alleged deliberate indifference, Moody seeks "actual" and punitive damages in an unspecified amount. (*Id*. at 7).

## II. Discussion

### A. Screening of Moody's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on

---

[2] Citations of page numbers are to the page numbers of the original document.

which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

B.   **Moody's Reponses to Questions on the Complaint Form**

In his complaint filed on February 2, 2021, Moody provided answers to Section VIII of this court's civil rights complaint form, which requires him to disclose his litigation history. (Doc. 1 at 8-11). Question VIII(B) of the complaint form asks, "Have you filed other lawsuits in either ***state or federal court*** dealing with the same facts or issue involved in this case?" (*Id*. at 9). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Moody marked "No," and disclosed no cases. (*Id*. at 9-10).

Question VIII(C) of the complaint form asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" (*Id*. at 10). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question VIII(C), Moody marked "No," and disclosed no cases. (*Id*. at 10-11).

At the end of the civil rights complaint form, Moody signed his name after the following certification: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." (*Id*. at 11-12). Thus, Moody has stated, in effect, that at the time he signed his complaint on February 2, 2021, he had not initiated any other action in federal court that (1) dealt with the same facts or issue involved in this case, or (2) related to the conditions of his confinement.

## C. Moody's Omission

The court takes judicial notice that, at the time Moody filed his complaint in this case, he had initiated another civil action in federal court that required disclosure. On November 22, 2020, Moody filed a civil rights complaint in this court against the same Defendants, asserting the same claims based on identical facts. *See Moody v. Arp*, Case No. 5:20-cv-319-TKW-MJF. This court issued orders simultaneously in both cases for four months, and Moody never informed the court of the duplicative case. Moody was required to disclose his prior, duplicative lawsuit in response to Questions (B) and (C) of the complaint form, because the prior suit deals with the same facts and issues as this case, and it relates to the conditions of his confinement. Moody's failure to disclose the prior case violates his duty of candor to this court.[3]

## D. Materiality of Moody's Omission

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows

---

[3] Moody was aware of the case number assigned to his earlier-filed complaint, because the clerk of this court mailed him a notice on November 30, 2020, notifying him of the case number. *See* Case No. 5:20-cv-319-TKW/MJF, Doc. 3.

consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc*. 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own

dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Moody falsely responded to questions on the complaint form as detailed above. Moody knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "***Failure to disclose all prior cases may result in the dismissal of this case.***" (Doc. 1 at 11). A penalty is warranted both to deter Moody from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E.     **The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Moody's false responses to

go unpunished. *See, e.g., Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding that district court did not abuse its discretion by dismissing without prejudice prisoner's amended complaint for abuse of the judicial process; prisoner's amended complaint failed to disclose a federal lawsuit he filed after his original complaint but before his amended complaint). If Moody suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Moody's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *Redmon*, 414 F. App'x at 226; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Moody an opportunity to amend his complaint to disclose the additional lawsuit would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case file.

At Panama City, Florida, this 13th day of July, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**